RECEIVED
OCT 3 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RAY JOHNSON | CIVIL ACTION NO. 06-868-P |
| VERSUS | JUDGE STAGG |
| VENITA MICHAELS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT & RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Ray Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on May 23, 2006. Plaintiff is incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana, and he alleges his civil rights were violated by prison officials. He names Venita Michaels, Anthony Batson, Walter Tolliver, Lt. Col. Miller, Lt. Col. Ray and Major Savage as defendants.

Plaintiff claims that in October 2005, he was placed in a dorm with David Sylvester. He claims he and David Sylvester were known enemies who had previously been involved in a physical altercation. He claims he repeatedly told prison officials that he and David

---

[1]This decision is not intended for commercial print or electronic publication.

Sylvester were enemies. He claims he had numerous items stolen from him while housed in the same dorm as David Sylvester.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

After reviewing the complaint filed in this action, it appears that Plaintiff has failed to

exhaust administrative remedies. Plaintiff admits in his complaint that he did not file a grievance in the administrative remedy procedure regarding the claims in his complaint. [Doc.1, p. 13].

Accordingly;

It is recommended that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the

30th day of October 2006.

                                                   **MARK L. HORNSBY**
                                      **UNITED STATES MAGISTRATE JUDGE**